IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

STUART C. IRBY COMPANY                                                                    PLAINTIFF

V.                                                                          CIVIL ACTION NO. 3:12cv007-B-A

BAYVIEW ELECTRIC COMPANY, LLC                                                            DEFENDANT

## **MEMORANDUM OPINION**

Presently before the court is the plaintiff Stuart C. Irby Company's motion for attorneys' fees and costs. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

An award of attorneys' fees in a diversity action is a substantive issue, and state law applies. *Shelak v. White Motor Co.*, 636 F.2d 1069, 1072 (5th Cir. 1981). "It is well settled in this State that what constitutes a reasonable attorney's fee rests within the sound discretion of the trial court and any testimony by attorneys with respect to such fee is purely advisory and not binding on the trial court." *Mauck v. Columbus Hotel Co.*, 741 So. 2d 259, 269 (Miss. 1999) (quoting *Gilchrist Tractor Co. v. Stribling*, 192 So. 2d 409, 418 (Miss. 1966)).

The determination of reasonable attorneys' fees involves a well-established process. The court first "calculates a 'lodestar' fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). The plaintiff's lead counsel, Brian Kimball, has submitted an affidavit and detailed time sheets showing that he and his co-counsel and paralegals spent a total of 332 hours on this case through May 15, 2013. Mr. Kimball requests a fee of $250.00 per hour for himself as a partner in his firm and lead counsel on this case for 210.75 hours billed, $170.00 per hour for his co-counsel for 93.75 hours billed, and $110.00 per hour for

paralegals for 27.50 hours billed. Based on these figures, the lodestar calculation comes to $71,650.00 through May 15, 2013. The plaintiff also requests additional fees in the amount of $6,125.00 for 24.5 hours spent preparing the present motion.

Bayview does not dispute that $250.00 an hour is a reasonable hourly rate for a partner but does assert that the rate is excessive in what it asserts is a simple collection case. Bayview also disputes the number of hours spent on the case as unreasonable and argues for various reductions, including the following:

> (1) all paralegal hours (28.7 hours) because the work performed traditionally falls within the realm of a secretary, not a paralegal;
>
> (2) time spent on Irby's initial Motion for Summary Judgment (19.25 hours) and Rebuttal Brief (27.75 hours) because the hours are excessive;
>
> (3) time spent on Irby's Motion to Dismiss Bayview's Counterclaim (23.0 hours) and Rebuttal Brief (22.0 hours) because the hours are excessive;
>
> (4) time spent on Irby's Motion to Amend Complaint to add a claim for punitive damages (13.75 hours) and Rebuttal Brief (9.25 hours) because the motion was without merit and untimely;[1]
>
> (5) time spent renewing Irby's original Motion for Summary Judgment (10.0 hours) because it was unnecessary;
>
> (6) time spent responding to Bayview's Counterclaim (8.25 hours) as excessive;
>
> (7) time spent propounding basic written discovery (10.25 hours) as excessive;
>
> (8) time spent preparing Irby's portion of the Final Pretrial Order (37.75 hours) as excessive; and
>
> (9) time spent on a response to Bayview's Motion for Settlement Conference (7.75 hours), with most of the time spent *after* the court had already granted the motion.

---

[1] Plaintiff's Motion to Amend Complaint was denied on December 20, 2012.

The court is satisfied with the per hour fees requested by the plaintiff, including the $250 per hour fee requested by Mr. Kimball, and will not adjust those rates. The court agrees with Bayview, however, that the hours spent on the matters listed above, as well as some smaller time expenditures opposed by Bayview as set forth in its response brief, are excessive and unreasonable. While Irby has properly presented Mr. Kimball's affidavit and billing documents in support of the hours it claims, it has not convinced the court that those hours spent were necessary in this case. The court finds that each of Bayview's specific objections as delineated in its response brief are meritorious and should be sustained, though the court finds only that the hours should be reduced as excessive, not completely stricken or excluded in whole. The court finds that the "reasonable number of hours expended" are half of what the plaintiff claims, and the court will therefore exercise its discretion to reduce the overall number of hours accordingly for the purpose of calculating the lodestar. This calculation brings the lodestar to $35,825.00 for the time expended prior to May 15, 2013, and $3062.50 for the time spent preparing the present motion, for a total of $38,887.50.

The court must now consider "whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case." *Migis*, 135 F.3d at 1047. Mississippi Rule of Professional Conduct 1.5(a) sets forth factors a trial court should consider in making a reasonableness determination regarding the amount of attorneys' fees requested. *Illinois Cent. R.R. v. Harried*, No. 5:06cv160-DCB-JMR, 2011 U.S. Dist. LEXIS 9984, at *20 (S.D. Miss. Jan. 25, 2011). These factors are:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

3

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

*Id.* at *20-21. Further, the Mississippi Supreme Court set forth additional factors to be considered in *McKee v. McKee*, 418 So. 2d 764 (Miss. 1982). These include "the relative financial ability of the parties, the skill and standing of the attorney employed, the nature of the case and novelty and difficulty of the questions at issue, as well as the degree of responsibility involved in the management of the cause, the time and labor required, the usual and customary charge in the community, and the preclusion of other employment by the attorney due to the acceptance of the case." *Id.* at 767. The court notes that "[t]he *McKee*/Rule 1.5 Mississippi factors are also virtually identical to the factors initially endorsed by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), and later adopted by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)." *Harried*, 2011 U.S. Dist. LEXIS 9984, at *21.

Upon reviewing the factors set forth by Mississippi Rule of Professional Conduct 1.5 as well as the *McKee* factors, the court finds that the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly

warrant further reduction of the fee. As Bayview asserts, this case is a run-of-the-mill collection action. Irby responds to Bayview's assertion by arguing that Bayview unnecessarily complicated the case with unfounded defenses and counterclaims with no legitimate basis in law or fact. The court, however, disagrees with Irby's characterization of Bayview's defense of this action. Simply because Bayview's position was ultimately unpersuasive does not mean that it was wholly without merit or frivolous or that Bayview unnecessarily complicated the case with the manner by which it defended its position. Because this action was a relatively simple collection matter, the court reduces the lodestar by ten percent or $3,888.75. The remaining factors are either inapplicable to the present case or do not warrant adjustment to the fee.

Bayview also contests certain litigation costs asserted by the plaintiff. Irby requests recovery of expenses for "computer research" in the amount of $2,033.61 and "PACER" charges in the amount of $61.18. Title 28 U.S.C. § 1920 allows for the losing party in an action to be taxed with, inter alia, court fees, court reporter fees, copying costs, and compensation for certain experts. The statute does not specifically provide for fees for computer research. The sales agreement between Irby and Bayview does include a reference to the recovery of "incidental costs," but the agreement does not expressly set out what costs are recoverable. "Most courts have refused . . . to tax as costs charges for electronic research . . . because electronic research is not listed in 28 U.S.C. § 1920 and the Supreme Court held in *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987), that only items listed in § 1920 could be taxed as costs." *Harried*, 2011 U.S. Dist. LEXIS 9984, at *18. Further, though it has yet to address the question, the Fifth Circuit "recently held that a district court abused its discretion in awarding costs, including electronic research charges, not enumerated in § 1920

5

without citing the statutory basis for the award and remanded for the district court to do so." *Id.* (citing *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010)). Accordingly, this court will strike the costs asserted by the plaintiff for computer research and PACER charges, thereby reducing the total amount of costs from $3,836.30 to $1741.51.

Irby also requests leave to file a post-appeal motion for additional attorneys' fees and costs incurred subsequent to the date of this motion and on appeal. The court will of course entertain a subsequent motion in this regard, should the circumstances arise warranting such a motion, but the court does not rule at this time that the plaintiff would be entitled to additional fees.

For the foregoing reasons, the court finds that the plaintiff's motion for attorneys' fees and costs should be granted but that the amounts requested should be reduced as set forth above. The plaintiff shall be awarded attorneys' fees recoverable from the defendant in the amount of $34,998.75 and costs in the amount of $1741.51. A separate judgment in accordance with this opinion shall issue this day.

This, the 20th day of February, 2014.

    /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**